2020 IL App (1st) 192357-U

No. 1-19-2357

Fourth Division
September 30, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

_____

| | |
|---|---|
| RYSZARD WIKAR, | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | |
| v. | No. 2019 L 003860 |
| WELLS FARGO BANK, N.A.; BANK OF NEW YORK MELLON as Trustee for World Savings Pass-Through Certificates Series 24 Trust; WORLD SAVINGS BANK, FSB; PROBIDDER, LLC; OPTROS PROPERTY INVESTMENTS, LLC; and DOES 1-100, | The Honorable Jerry A. Esrig, Judge Presiding. |
| Defendants | |
| (Wells Fargo Bank and Optros Property Investments, LLC, Defendants-Appellees). | |

_____

PRESIDING JUSTICE GORDON delivered the judgment of the court.
Justices Lampkin and Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held:*    The trial court's dismissal of plaintiff's complaint on the basis of *res judicata* is affirmed, where plaintiff's claims could have been included in a foreclosure action against him, which involved the same parties and the same transaction, and which was resolved by a final judgment on the merits.

¶ 2     The instant *pro se* appeal arises from the dismissal of plaintiff Ryszard Wikar's complaint against defendants Wells Fargo Bank, N.A. (Wells Fargo) and Optros Property Investments, LLC (Optros),[1] on the basis of *res judicata*. On appeal, plaintiff argues that his claims were not barred by *res judicata* and were properly raised in his complaint. For the reasons that follow, we affirm.

¶ 3                                    BACKGROUND

¶ 4     On April 10, 2019, plaintiff filed a *pro se* complaint against a number of defendants, including Wells Fargo and Optros, alleging that he was disputing the title and ownership of real property located on Newport Avenue in Chicago, after it was acquired on a foreclosure sale by defendant Optros. Plaintiff alleged that, on May 31, 2006, he executed a promissory note for $175,000 payable to World Savings Bank, FSB,[2] which was secured by a mortgage on the property. Plaintiff alleged that the originating mortgage lender unlawfully sold, assigned, and transferred its interest in the promissory note and mortgage and, therefore, defendant Optros did not have lawful ownership in the property. Plaintiff alleged causes of action for wrongful foreclosure, fraud, intentional infliction of emotional distress, and slander of title, all arising "upon the facts and circumstances surrounding Plaintiff's original loan transactions and subsequent securitization, then foreclosure."

¶ 5     On July 30, 2019, defendants Wells Fargo and Optros filed a motion to dismiss plaintiff's complaint pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2018)). According to the motion, on May 1, 2015, Wells Fargo filed a foreclosure action

---

[1] Defendants Wells Fargo and Optros are the only entities that filed appearances in the instant matter, and are the only parties who have filed briefs on appeal.

[2] According to the motion to dismiss at issue on appeal, World Savings Bank, FSB, later became Wells Fargo Bank through a series of mergers.

against plaintiff in the circuit court of Cook County in case No. 15 CH 7206 for failure to make his mortgage payments. Plaintiff filed a motion to dismiss the foreclosure action, which was denied, and on November 30, 2016, the trial court entered a judgment for foreclosure and sale. Plaintiff filed a notice of appeal, but the appeal was dismissed on August 28, 2017, for lack of jurisdiction. ProBidder, LLC, purchased the property at a judicial sale on May 30, 2017, and assigned the property to Optros on the same day. The trial court entered a final order approving sale on September 6, 2018, which plaintiff did not appeal.

¶ 6        Defendants claimed that, since 2016, plaintiff had engaged in a course of "frivolous" litigation against Wells Fargo, including filings seeking to remove the foreclosure action to tribal court, filing three chapter 13 petitions in federal bankruptcy court which listed the note as a disputed debt, filing adversary proceedings against Wells Fargo in the bankruptcy actions, and filing a similar lawsuit with respect to a different property on which Wells Fargo foreclosed in case No. 19 L 000453.

¶ 7        With respect to the instant lawsuit, defendants argued that it should be dismissed because it was barred by *res judicata*. Defendants claimed that the order approving sale in the foreclosure action was a final judgment on the merits, that plaintiff's claims in the instant litigation were identical to the cause of action at issue in the foreclosure action, and that all parties to the instant litigation were identical to, or in privity with, the parties in the foreclosure action. Accordingly, defendants argued that the complaint should be dismissed based on *res judicata*. Defendants also claimed that, if the court declined to apply *res judicata*, it should nevertheless dismiss the complaint because plaintiff forfeited his claims by failing to raise them in the foreclosure action. Finally, defendants claimed that several of plaintiff's causes of

action were barred by statutes of limitations, which provided an independent basis for their dismissal.

¶ 8 In response, plaintiff claimed that he was not required to assert any of his current claims in the foreclosure action, as the Code provided for permissive, not mandatory, counterclaims. Plaintiff further claimed that none of his causes of action were barred by statutes of limitations, because plaintiff did not become aware of defendants' improper behavior until the filing of the foreclosure action in 2015.

¶ 9 On October 18, 2019, the trial court entered an order dismissing plaintiff's complaint with prejudice, finding that "the complaint is barred by *res judicata* and [was] essentially a collateral attack on the foreclosure judgment." Plaintiff timely filed a notice of appeal, and this appeal follows.

¶ 10 ANALYSIS

¶ 11 In his *pro se* appeal, plaintiff contends that the trial court erred in dismissing his complaint on the basis of *res judicata*. As an initial matter, defendants claim that we should strike plaintiff's brief and dismiss his appeal due to multiple violations of Illinois Supreme Court Rule 341 (eff. May 25, 2018). Rule 341(h) sets forth the requirements for an appellant's brief on appeal, which include the necessity of a statement of points and authorities; an introductory paragraph setting forth the nature of the action; a statement of the applicable standard of review; and a statement of facts and argument section, both of which must include citations to the record on appeal. Ill. S. Ct. R. 341(h) (eff. May 25, 2018). Plaintiff's brief does not comply with these requirements. Supreme court rules are not advisory suggestions, but rules to be followed. *In re Marriage of Hluska*, 2011 IL App (1st) 092636, ¶ 57; *In re Estate of Michalak*, 404 Ill. App. 3d 75, 99 (2010). "Where an appellant's brief fails to comply with supreme court

4

rules, this court has the inherent authority to dismiss the appeal." *Epstein v. Galuska*, 362 Ill. App. 3d 36, 42 (2005) (citing *In re Marriage of Gallagher*, 256 Ill. App. 3d 439, 442 (1993)). In the case at bar, we decline to strike plaintiff's brief and dismiss the appeal, because, despite the deficiencies in the brief, defendants were able to adequately respond to the issues raised by plaintiff, and we are likewise able to understand plaintiff's claims based on the briefs and the contents of the record on appeal. Accordingly, we turn to consideration of plaintiff's claim that the trial court erred in dismissing his complaint.

¶ 12      A motion to dismiss under section 2-619 admits the legal sufficiency of all well-pleaded facts but allows for the dismissal of claims barred by an affirmative matter defeating those claims or avoiding their legal effect. *Janda v. United States Cellular Corp.*, 2011 IL App (1st) 103552, ¶ 83 (citing *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59 (2006)). When reviewing a motion to dismiss under section 2-619, "a court must accept as true all well-pleaded facts in plaintiffs' complaint and all inferences that can reasonably be drawn in plaintiffs' favor." *Morr-Fitz, Inc. v. Blagojevich*, 231 Ill. 2d 474, 488 (2008). Additionally, a cause of action should not be dismissed under section 2-619 unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to relief. *Feltmeier v. Feltmeier*, 207 Ill. 2d 263, 277-78 (2003). In our analysis of a section 2-619 dismissal, our standard of review is *de novo*. *Solaia Technology, LLC v. Specialty Publishing Co.*, 221 Ill. 2d 558, 579 (2006); *Morr-Fitz, Inc.*, 231 Ill. 2d at 488. *De novo* consideration means we perform the same analysis that a trial judge would perform. *Pranno Donkle v. Lind*, 2018 IL App (1st) 171915, ¶ 29. Additionally, even if the trial court dismissed on an improper ground, a reviewing court may affirm the dismissal if the record supports a proper ground for dismissal. See *Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 261 (2004) (when reviewing a section 2-619 dismissal, we can affirm

"on any basis present in the record"); *In re Marriage of Gary*, 384 Ill. App. 3d 979, 987 (2008) ("we may affirm on any basis supported by the record, regardless of whether the trial court based its decision on the proper ground").

¶ 13    In the case at bar, defendants sought dismissal of plaintiff's complaint under the doctrine of *res judicata*. " 'The doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action.' " *Hudson v. City of Chicago*, 228 Ill. 2d 462, 467 (2008) (quoting *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 334 (1996)). *Res judicata* bars relitigation of matters that were actually decided in the first lawsuit, as well as matters that could have been decided in that suit. *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 302 (1998). Three requirements must be satisfied for *res judicata* to apply: (1) a final judgment on the merits has been reached by a court of competent jurisdiction, (2) an identity of cause of action exists, and (3) the parties or their privies are identical in both actions. *Hudson*, 228 Ill. 2d at 467 (citing *Downing v. Chicago Transit Authority*, 162 Ill. 2d 70, 73-74 (1994)).

¶ 14    In the case at bar, there is no dispute that the order approving sale in the foreclosure action was a final judgment on the merits. Additionally, plaintiff does not dispute defendants' contention that all of the defendants in the instant matter were either identical to or in privity with Wells Fargo, the plaintiff in the foreclosure action. The only argument that plaintiff makes is that there is no identity of the causes of action.

¶ 15    Plaintiff claims that the causes of action raised in his complaint are not identical to the causes of action raised in the foreclosure case, because he is alleging claims that were never raised as affirmative defenses in the foreclosure action, and was not attempting to relitigate an

issue that has already been decided. However, the mere fact that a claim was not raised in the earlier litigation does not mean that a plaintiff has the ability to raise it later. "[S]eparate claims will be considered the same cause of action for purposes of *res judicata* if they arose from a single group of operative facts, regardless of whether they assert different theories of relief." *River Park*, 184 Ill. 2d at 311. Thus, the fact that plaintiff did not raise an issue as an affirmative defense in the foreclosure action does not automatically mean that he is permitted to raise it now, if he had the opportunity to include it in the foreclosure action.

¶ 16        In the case at bar, all of plaintiff's causes of action arise from the same operative facts giving rise to the foreclosure action. Specifically, plaintiff is challenging the title and ownership of the property, which were issues that were central to the foreclosure action. While plaintiff claims that these issues were not decided in the foreclosure action because it was a default judgment, we do not find this argument persuasive. The record contains no indication that the judgment was a default judgment[3] and, even if it was, a default judgment is entitled to the same *res judicata* effect as any other judgment. See *Housing Authority for La Salle County v. Young Men's Christian Ass'n of Ottawa*, 101 Ill. 2d 246, 254 (1984) ("Although the judgment *** was by default, it is entitled to the same preclusive effect under the doctrine of *res judicata* as any other judgment."); *Landreth v. Raymond P. Fabricius, P.C.*, 2018 IL App (3d) 150760, ¶ 50 ("A default judgment has the same effect and status as any other judgment under Illinois law."). We are also unpersuaded by plaintiff's claims in his brief that he is not seeking to reverse the foreclosure judgment or to have possession of the property reinstated. Count I of his complaint specifically asks the court to find that the sale of the property was "

---

[3] Indeed, while the record on appeal does not contain all of the filings from the foreclosure action, the record does establish that plaintiff participated in the foreclosure action, at least to the extent of filing a motion to dismiss.

'unlawful and void.' "[4] Other portions of his complaint reference requests for "rescission." Thus, it is clear from plaintiff's complaint that he is seeing to undo the foreclosure judgment. Since the claims that he is attempting to raise now arise from the same group of operative facts that gave rise to the foreclosure action, the trial court properly found that plaintiff's claims are barred by *res judicata*.

¶ 17    Plaintiff also claims that *res judicata* does not bar his current claims because section 2-608 of the Code provides for permissive, not mandatory, counterclaims, meaning that he was not required to bring his current claims in the foreclosure action. Section 2-608(a) of the Code provides:

> "Any claim by one or more defendants against one or more plaintiffs, or against one or more codefendants, whether in the nature of setoff, recoupment, cross claim or otherwise, and whether in tort or contract, for liquidated or unliquidated damages, or for other relief, may be pleaded as a cross claim in any action, and when so pleaded shall be called a counterclaim." 735 ILCS 5/2-608(a) (West 2014).

As plaintiff notes, counterclaims are generally permissive, rather than mandatory. See *Fuller Family Holdings, LLC v. Northern Trust Co.*, 371 Ill. App. 3d 605, 617 (2007). Thus, a defendant generally has the option of bringing his claims against the plaintiff by way of a counterclaim or by way of a separate action. *Fuller Family Holdings*, 371 Ill. App. 3d at 617.

---

[4] While not discussed by the parties, we note that *res judicata* does not apply where a judgment is void, and void judgments are subject to collateral attack for lack of jurisdiction or fraud. *In re Marriage of Hulstrom*, 342 Ill. App. 3d 262, 270 (2003). Plaintiff's complaint alleges that the foreclosure judgment is " 'unlawful and void' " due to a lack of standing, not fraud, and our supreme court has held that standing does not implicate a court's subject-matter jurisdiction. See *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 252 (2010). Additionally, while plaintiff does include two counts of fraud, he does not contend in his complaint that either renders the foreclosure judgment void, and our case law reaches the same conclusion. See *In re M.B.*, 235 Ill. App. 3d 352, 378 (1992) (fraudulent concealment renders a court's orders voidable, not void); *Deutsche Bank National Trust Co. v. Hart*, 2016 IL App (3d) 150714, ¶ 42 (a contract induced by fraud is voidable, not void).

¶ 18    However, if the defendant's claim involves the same operative facts as the plaintiff's claims, *res judicata* may bar the defendant from raising his claim in a subsequent action. *Corcoran-Hakala v. Dowd*, 362 Ill. App. 3d 523, 531 (2005). "Specifically, *res judicata* bars a subsequent action if successful prosecution of that action would in effect nullify the judgment entered in the initial action." *Corcoran-Hakala*, 362 Ill. App. 3d at 531. In that way, where claims are the same cause of action, "ordinarily a counterclaim is mandatory." *Kasny v. Coonen & Roth, Ltd.*, 395 Ill. App. 3d 870, 874 (2009).

¶ 19    In the case at bar, as explained above, the claims asserted in plaintiff's complaint arise from the same operative facts as in the foreclosure action, making them the same cause of action for purposes of *res judicata*. Therefore, plaintiff was required to assert them in the foreclosure action and cannot raise them in a separate action now. Our supreme court has made clear that "[w]hen *res judicata* is established as a bar against the prosecution of a second action between the same parties upon the same claim or demand it is conclusive not only as to every matter which *was* offered to sustain or defeat the claim or demand, but as to any other matter which *might* have been offered for that purpose." (Emphases in original.) *Nowak v. St. Rita High School*, 197 Ill. 2d 381, 389 (2001) (citing *Housing Authority for La Salle County*, 101 Ill. 2d at 251-52). Here, plaintiff's claims could have been raised in the foreclosure action and, therefore, *res judicata* applies to bar plaintiff's claims in the current lawsuit.

¶ 20    As a final matter, we note that an argument can be made that plaintiff's cause of action for intentional infliction of emotional distress was not barred by *res judicata*. While the allegations concern the same allegations about Wells Fargo's ownership interest in the property that were at issue in the foreclosure action, plaintiff points to the filing of the foreclosure action itself as the basis for his claim. However, it is not necessary for us to determine whether this specific

count is barred by *res judicata* because, even if it was not, it was still properly dismissed on statute of limitations grounds. The statute of limitations for intentional infliction of emotional distress is two years, because the tort is a form of personal injury. *Feltmeier*, 207 Ill. 2d at 278; 735 ILCS 5/13-202 (West 2014). In the case at bar, Wells Fargo filed its foreclosure complaint on May 1, 2015, more than two years prior to plaintiff's April 10, 2019, filing of the complaint at issue on appeal. Thus, even if it was not barred by *res judicata*, plaintiff's claim would still be barred by the statute of limitations. See *Raintree Homes*, 209 Ill. 2d at 261 (when reviewing a section 2-619 dismissal, we can affirm "on any basis present in the record").

¶ 21                                                  CONCLUSION

¶ 22      For the reasons set forth above, plaintiff's complaint was properly dismissed on the basis of *res judicata* where plaintiff's claims could have been included in the foreclosure action against him, which involved the same parties and the same transaction, and which was resolved by a final judgment on the merits.

¶ 23      Affirmed.