2020 IL App (1st) 191538-U

FIRST DISTRICT,
FIRST DIVISION
December 21, 2020

Nos. 1-19-1538, 1-19-2021, 1-19-2143 (cons.)

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| OPTROS PROPERTY INVESTMENTS, LLC, as assignee of Probidder LLC, | ) ) ) | Appeal from the Circuit Court of Cook County, Illinois. |
| Plaintiff-Appellee, | ) | |
| v. | ) ) | No. 2019 M3 003702 |
| INGA WIKAR and ALL UNKNOWN OCCUPANTS, | ) ) | Honorable Martin S. Agran, |
| Defendants-Appellants. | ) | Judge Presiding. |

_____

| | | |
|---|---|---|
| RICHARD WIKAR, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellant, | ) ) | Cook County, Illinois. |
| v. | ) ) | No. 2019 L 000453 |
| WELLS FARGO BANK, N.A., | ) ) | Honorable Patrick J. Sherlock, |
| Defendant-Appellee. | ) | Judge Presiding. |

_____

JUSTICE COGHLAN delivered the judgment of the court.
Presiding Justice Walker and Justice Hyman concurred in the judgment.

**ORDER**

¶ 1    *Held*: *Res judicata* barred appellant from raising claims arising out of the same operative facts as a foreclosure action in which final judgment had already been rendered.

¶ 2        In 2015, Wells Fargo Bank, N.A., filed a residential mortgage foreclosure action against Richard Wikar.  The trial court entered a judgment of foreclosure and sale against Wikar, and it subsequently entered an order approving the judicial sale of the property, which Wikar did not appeal.

¶ 3        The instant case involves two[1] consolidated appeals arising from that underlying action. In No. 1-19-1538 (the Eviction Action), Optros Property Investments, LLC, filed an action to evict Wikar from the property, and the trial court issued an eviction order against him.  In No. 1-19-2143 (the Wrongful Foreclosure Action), Wikar brought a wrongful foreclosure suit against Wells Fargo and Mortgage Electronic Registration Systems, Inc. (MERS) (collectively with Wells Fargo, the Wells Fargo defendants).  The trial court dismissed Wikar's suit on res judicata grounds.

¶ 4        Wikar now appeals the judgments in the Eviction Action and the Wrongful Foreclosure Action.  For the following reasons, we affirm the trial court's judgment in both cases.

¶ 5                                    BACKGROUND

¶ 6                        The Underlying Foreclosure Action

¶ 7        On June 17, 2002, Wikar obtained a loan for $199,000 from GN Mortgage.  The note was secured by a mortgage, in favor of MERS as nominee for GN Mortgage, on a single-family residential home in Palatine, Illinois.  The mortgage was later assigned to Wells Fargo.

¶ 8        On June 16, 2015, Wells Fargo filed a foreclosure action against Wikar, alleging that Wikar was in default on the mortgage.  Wikar failed to appear, and on January 17, 2017, the trial

---

[1] Wikar also filed a third appeal (No. 1-19-2021) seeking review of the trial court's dismissal of his section 2-1401 petition for collateral relief in the original foreclosure action.  Wikar later moved to dismiss that appeal on mootness grounds, and we granted his motion on January 21, 2020.

court entered an order of default against Wikar. The court also entered a judgment of foreclosure and sale and an order appointing a sale officer. On July 24, 2018, the trial court approved the judicial sale of the property to Probidder LLC. Wikar did not appeal from the order approving the sale.

¶ 9                                    The Wrongful Foreclosure Action (No. 1-19-2143)

¶ 10         On January 15, 2019, Wikar filed an action against the Wells Fargo defendants, alleging, in relevant part, that they could not "show proper receipt, possession, transfer, negotiations, assignment and ownership of the borrower's original Promissory Note and Mortgage, resulting in imperfect security interests and claims." Wikar further alleged that the Wells Fargo defendants could not establish that the mortgage securing the note was legally acquired, nor did they perfect "any claim of title or security interest" in the property.

¶ 11         Thus, Wikar sought relief in ten counts: (1) "lack of standing/wrongful foreclosure"; (2) fraudulent concealment, based on defendants' alleged concealment that the loan into which Wikar entered was securitized; (3) fraud in the inducement, based on defendants' alleged misrepresentation that they were entitled to exercise the power of sale provision in the mortgage; (4) intentional infliction of emotional distress; (5) slander of title; (6) quiet title; (7) declaratory relief, in which Wikar sought a determination of whether defendants had authority to foreclose on the property; (8) violations of the Truth in Lending Act (TILA) (15 U.S.C. § 1601 et seq.); (9) violations of the Real Estate Settlement Procedures Act of 1974 (RESPA) (12 U.S.C. § 2601 *et seq.*); and (10) recission, in which Wikar sought to rescind his 2002 loan agreement.

¶ 12         The Wells Fargo defendants moved to dismiss under section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2018)), arguing that Wikar's claims were all barred by *res judicata*. In the alternative, they argued that Wikar forfeited his claims by failing to assert them

as defenses to the underlying foreclosure action. Finally, they argued that certain of Wikar's claims were time-barred, citing the five-year statute of limitations for fraud, the two-year statute of limitations for intentional infliction of emotional distress, and the one-year statutes of limitations for Wikar's federal claims.

¶ 13    On September 18, 2019, the trial court granted the Wells Fargo defendants' motion, finding that *res judicata* barred Wikar's claims, all of which arose out of the same operative facts previously presented in the underlying foreclosure action. The court additionally found that Wikar's fraud, intentional infliction of emotional distress, and federal claims were time-barred. Accordingly, the trial court dismissed the complaint with prejudice. Wikar now appeals from this judgment.

¶ 14                    The Eviction Action (No. 1-19-1538)

¶ 15    Meanwhile, on May 15, 2019, Optros (as assignee of Probidder LLC) filed an eviction complaint seeking an order of possession over the property. Following trial on July 18, 2019, the trial court entered an eviction order granting Optros an order of possession and ordering Wikar to move out by August 8. The record contains no trial transcript, nor does it contain a bystander's report or agreed statement of facts regarding the trial. Wikar now appeals the eviction order as well.

¶ 16                               ANALYSIS

¶ 17    Initially, appellees urge us to strike Wikar's *pro se* brief and dismiss his appeals because his brief contains multiple violations of Supreme Court Rule 341(h) (Ill. S. Ct. R. 341(h) (eff. May 25, 2018)). Specifically, the introductory paragraph required by subsection (h)(2) and the statement of facts required by subsection (h)(6) have been combined into a single cursory paragraph entitled "Factual and Procedural Background" which falls far short of "contain[ing]

the facts necessary to an understanding of the case." Moreover, neither the statement of facts nor the argument section contains citations to the record, as required by subsections (h)(6) and (h)(7).

¶ 18 We caution Wikar that *pro se* litigants are not excused from following our supreme court's rules on appellate briefs (*Lewis v. Heartland Food Corp.*, 2014 IL App (1st) 123303, ¶ 7; *Voris v. Voris*, 2011 IL App (1st) 103814, ¶ 8) and any brief that fails to substantially comply with those rules may justifiably be stricken (*Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 7). However, the mandates of Rule 341 are admonitions to the parties, not jurisdictional in nature, and we therefore choose to entertain this appeal in the interest of fairness and justice. See *In re Marriage of Souleles*, 111 Ill. App. 3d 865, 869 (1982).

¶ 19 Wikar first argues that the trial court's judgment in the Wrongful Foreclosure Action must be reversed because the court erred in finding his claims barred by *res judicata*. Under the doctrine of *res judicata*, a final judgment on the merits by a court of competent jurisdiction bars a subsequent action between the same parties involving the same cause of action. *Richter v. Prairie Farms Dairy, Inc.*, 2016 IL 119518, ¶ 21. This doctrine bars not only matters decided in the original suit, but also matters which could have been decided. *Ward v. Decatur Memorial Hospital*, 2019 IL 123937, ¶ 44 (citing *Village of Bartonville v. Lopez*, 2017 IL 120643, ¶ 49); *Hudson v. City of Chicago*, 228 Ill. 2d 462, 467 (2008). Whether an action is barred by *res judicata* is a question of law that we review *de novo*. *Ward*, 2019 IL 123937, ¶ 44.

¶ 20 For *res judicata* to apply, three requirements must be met: (1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there was an identity of cause of action; and (3) there was an identity of parties or their privities. *Hudson*, 228 Ill. 2d at 467. Wikar does not contend that these three elements are not met, nor would any such argument be availing. The trial court in the underlying foreclosure suit entered a final judgment on July 24,

2018, and Wikar chose not to appeal. Moreover, it is readily apparent that Wikar's claims arise out of the same operative facts and involve the same parties as the foreclosure suit.

¶ 21    Nevertheless, Wikar argues that *res judicata* does not apply under section 2-608 of the Code of Civil Procedure, which provides: "Any claim by one or more defendants against one or more plaintiffs *** *may* be pleaded as a cross claim in any action." (Emphasis added.) 735 ILCS 5/2-608 (West 2018). Because this language is permissive rather than mandatory (see *Young Men's Christian Ass'n of Warren County v. Midland Architects, Inc.*, 174 Ill. App. 3d 966, 971 (1988)), Wikar argues that he "was not required to assert his claims in the prior litigation."

¶ 22    However, under Illinois law, "whether a counterclaim is compulsory has no bearing on whether *res judicata* bars its assertion in a later proceeding." *Cabrera v. First Nat'l Bank of Wheaton*, 324 Ill. App. 3d 85, 94 (2001) (holding that plaintiffs' claims were barred by *res judicata* even though they were not compulsory counterclaims in prior proceeding). As this court has explained:

> "[I]t is true that, in Illinois, counterclaims are generally permissive rather than mandatory. [Citations.] Thus, a defendant generally may raise his or her claim against the plaintiff by way of a counterclaim or by way of a separate action. [Citation.] However, if the defendant's claim involves the same operative facts as the plaintiff's claim, *res judicata* may bar the defendant from raising his or her claim in a subsequent action." *Corcoran-Hakala v. Dowd*, 362 Ill. App. 3d 523, 530-31 (2005).

Similarly, even though Wikar's claims were not compulsory counterclaims in the underlying action, *res judicata* precludes him from raising them in the subsequent Wrongful Foreclosure Action.

¶ 23    Wikar's cited cases are inapposite. First, in *YMCA*, 174 Ill. App. 3d at 967, plaintiff sued three defendants and reached a pretrial settlement with two of them. The third defendant, Midland Architects, went to trial and lost. After trial, for the first time, Midland moved to setoff the damage award by the full amount of the settlement paid by the other two defendants. Under these facts, we held that Midland did not waive its claim for setoff by failing to raise it earlier as a counterclaim. *Id.* at 970-71. Notably, *res judicata* was not at issue; Midland sought a setoff in a posttrial motion in the same action, not by filing an entirely new action, as Wikar has done in this case.

¶ 24    Second, in *Miller v. Bank of Pecatonica*, 83 Ill. App. 3d 424, 426 (1980), we held that *res judicata* did not apply because "neither the parties nor the issues are identical in the two cases." As discussed, Wikar does not contest that the parties and the issues are identical in the underlying action and in the Wrongful Foreclosure Action.

¶ 25    Wikar further argues that *res judicata* should not apply because he did not raise his standing argument in the original foreclosure action. But, as discussed, it is well established that *res judicata* bars not only matters decided in the original suit, but also matters which could have been decided. See, *e.g.*, *Ward*, 2019 IL 123937, ¶ 44; *Lopez*, 2017 IL 120643, ¶ 49; *Hudson*, 228 Ill. 2d at 467. Accordingly, the trial court correctly dismissed the Wrongful Foreclosure Action on grounds of *res judicata*.[2]

¶ 26    Wikar next contends that we should reverse the trial court's judgment in the Eviction Action, asserting that "the basis for the Circuit Court's decision[] was at least in part res judicata"

---

[2] Wikar additionally asserts, in a single sentence of his concluding paragraph, that the trial court erred in finding certain of his claims time-barred. But he presents neither legal authority nor argument to support this contention, which is therefore forfeited. Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018) (argument "shall contain *** citation of the authorities and the pages of the record relied on," and "[p]oints not argued are forfeited"); *Epstein v. Davis*, 2017 IL App (1st) 170605, ¶ 24 (appellant forfeited argument by failing to cite any cases, statutes, or legal authority in support).

and raising the same arguments as he does with respect to the Wrongful Foreclosure Action. But it is well established that to support a claim of error, the appellant bears the burden of presenting a sufficiently complete record. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156 (2005). In the absence of a complete record, we will resolve all gaps in the record against the appellant and presume that the trial court had a sufficient factual basis for its holding and that its order conforms with the law. *Id.* at 157 (where transcript of hearing was not included in the record, court could not review appellant's claim of error). Because the record contains no transcript, bystander's report or agreed statement of facts regarding the trial proceedings in the Eviction Action, we have no way of knowing the evidence the trial court heard or the factual or legal basis for its decision. Accordingly, we cannot review Wikar's claim of error and must affirm.

¶ 27                                                CONCLUSION

¶ 28        For the foregoing reasons, we affirm the judgments of the trial court in the Wrongful Foreclosure Action (No. 1-19-2143) and in the Eviction Action (No. 1-19-1538).

¶ 29        Affirmed.