2019 IL App (2d) 180426
No. 2-18-0426
Opinion filed May 22, 2019

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| CLARICE G. SCHMIDT, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 17-L-580 |
| | ) | |
| AUDREY L. GAYNOR, AUDREY L. | ) | |
| GAYNOR & ASSOCIATES, P.C., and | ) | |
| RICHARD D. FELICE, | ) | Honorable |
| | ) | Ronald D. Sutter, |
| Defendants-Appellees. | ) | Judge, Presiding. |

JUSTICE BURKE delivered the judgment of the court, with opinion.
Presiding Justice Birkett and Justice Zenoff concurred in the judgment and opinion.

**OPINION**

¶ 1 Plaintiff, Clarice G. Schmidt, appeals the dismissal of her breach-of-contract complaint against two sets of attorneys, defendants Audrey L. Gaynor and Audrey L. Gaynor & Associates, P.C. (Gaynor defendants), and Richard D. Felice, pursuant to section 2-619(a)(3) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(3) (West 2016)). Plaintiff's lawsuit alleged that defendants overbilled plaintiff for legal services provided in her divorce case, which remains pending in the circuit court of Du Page County (case No. 14-D-69). Defendants filed fee petitions pursuant to section 508 of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/508 (West 2016)) in the divorce case, where the court has reserved ruling on the reasonableness and necessity of the fees pending the resolution of the proceedings. In the

breach-of-contract case, defendants filed a joint section 2-619(a)(3) motion to dismiss based on the fact that the same parties have the same cause pending in the divorce case. The trial court granted the motion and dismissed plaintiff's breach-of-contract complaint with prejudice. On appeal, plaintiff contends that the trial court improperly dismissed her complaint as duplicative. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3     Plaintiff retained the Gaynor defendants to represent her in her divorce proceedings in Du Page County. They represented her from February 2, 2015, through September 28, 2015. On November 2, 2015, the Gaynor defendants filed a petition for attorney fees and costs pursuant to section 508, alleging that plaintiff owed them $67,559.

¶ 4     Plaintiff also retained Felice in connection with her divorce proceedings. He represented plaintiff from October 16, 2015, through August 26, 2016. On September 2, 2016, Felice filed a petition for attorney fees and costs pursuant to section 508, seeking $140,000.

¶ 5     On December 9, 2016, plaintiff filed her breach-of-contract complaint in the circuit court of Cook County, alleging that Felice breached the attorney-client agreement because his billing was "excessive." Plaintiff alleged that she had already paid Felice $35,330 and that his request for $140,000 was unreasonable. Similarly, plaintiff alleged that the Gaynor defendants breached the attorney-client agreement by "charging outrageous amounts of money for what [the firm] was doing while accomplishing little or nothing in [plaintiff's] best interest." Plaintiff alleged damages of $150,000 from each breach. Plaintiff also filed a response to the fee petitions, attaching her breach-of-contract complaint.

¶ 6     On March 30, 2017, Felice filed a motion to dismiss plaintiff's breach-of-contract complaint or, alternatively, to transfer venue. After oral argument, the court transferred plaintiff's claim to Du Page County.

¶ 7    On December 13, 2017, Felice filed a section 2-619(a)(3) motion to dismiss, arguing that plaintiff's breach-of-contract claim was duplicative because the only issues she raised were the reasonableness and necessity of the fees charged in the divorce action and those same issues were already being litigated in the section 508 fee petitions. The Gaynor defendants joined Felice's motion. Following oral argument, on March 8, 2018, the trial court granted defendants' motion to dismiss but also granted plaintiff 30 days to file an amended complaint. However, plaintiff did not do so, and instead, on April 5, 2018, she filed a motion to reconsider. The trial court denied the motion to reconsider and dismissed the breach-of-contract complaint with prejudice. Plaintiff timely appeals.

¶ 8                                II. ANALYSIS

¶ 9    Plaintiff contends that the trial court abused its discretion in granting the motion to dismiss pursuant to section 2-619(a)(3). A defendant may move for dismissal of an action under section 2-619(a)(3) upon the grounds that there is "another action pending between the same parties for the same cause." 735 ILCS 5/2-619(a)(3) (West 2016). Section 2-619(a)(3) is an "inherently procedural" device aimed at avoiding duplicative litigation (*Miller v. Thomas*, 275 Ill. App. 3d 779, 786 (1995)), and it should be construed liberally (*Kapoor v. Fujisawa Pharmaceutical Co.*, 298 Ill. App. 3d 780, 785 (1998)). Clearly, the same parties are involved here. The crucial inquiry then is "whether the two actions arise out of the same transaction or occurrence [citation], not whether the legal theory, issues, burden of proof or relief sought materially differ between the two actions." *Terracom Development Group, Inc. v. Village of Westhaven*, 209 Ill. App. 3d 758, 762 (1991). "The purpose of the two actions need not be identical, rather there need only be a substantial similarity of issues between them." *Id.* The trial court, in its discretion, decides whether to grant the motion. We will reverse the trial court's decision only if it abused its discretion. *Id.*

¶ 10    When defendants filed their section 508 fee petitions against plaintiff in the divorce case, the court reserved ruling on the reasonableness and necessity of their fees pending the resolution of the divorce proceedings.  Section 508(a) of the Act provides that a court "may order any party to pay a reasonable amount for his own or the other party's costs and attorney's fees."  750 ILCS 5/508(a) (West 2016).  Section 508(c) provides a means by which an attorney can recover attorney fees from a former client.  *Id.* § 508(c).  In resolving a fee petition under section 508, the trial court is required to "consider the performance pursuant to the contract" and determine "fair compensation for the services *** that the court finds were reasonable and necessary."  *Id.* § 508(c)(3).  Section 508 requires the trial court to consider factors including:  (1) the skill of the attorney, (2) the nature of the controversy, (3) the subject matter, (4) the degree of responsibility involved, (5) the time and labor required, (6) the usual and customary charge in the community, and (7) the benefits resulting to the client.  *In re Marriage of Powers*, 252 Ill. App. 3d 506, 508 (1993).  "The determination of reasonable attorney's fees and costs *** is within the sound discretion of the trial court."  750 ILCS 5/508(c)(3) (West 2016).

¶ 11    The only allegations set forth in plaintiff's breach-of-contract complaint were that defendants breached their attorney-client agreements in that they charged excessive fees.  She thus claimed that defendants' fees were unreasonable and unnecessary.

¶ 12    Plaintiff requested that the court adjudicate the reasonableness and necessity of the very same fees that defendants had asked the court to adjudicate in the fee petitions.  Thus, the matters raised in the fee petitions and in plaintiff's breach-of-contract complaint constituted the "same cause" and the complaint was subject to dismissal under section 619(c)(3).  Plaintiff merely seeks to have a separate court perform another analysis as to the reasonableness and necessity of those same fees that defendants raised in their fee petitions, risking judicial inconsistency and violating the principle of judicial economy.  This is the type of duplicative litigation that section

619(a)(3) was intended to avoid. We do not find that the trial court abused its discretion in granting the motion to dismiss.

¶ 13    Plaintiff cites *Weisman v. Schiller, Ducanto & Fleck*, 314 Ill. App. 3d 577 (2000), in support of her argument that defendants' fee petitions and her complaint for "legal malpractice" are not the same cause and therefore cannot both be tried in plaintiff's divorce proceedings.

¶ 14    Plaintiff thus maintains that her case is a legal-malpractice action, although throughout plaintiff's complaint she states that "[t]his lawsuit is a breach of contract for charging excessive fees." We are at a loss as to how plaintiff's breach-of-contract suit transformed into one for legal malpractice, when she did not allege any of the elements of legal malpractice. See, *e.g.*, *Northern Illinois Emergency Physicians v. Landau, Omahana & Kopka, Ltd.*, 216 Ill. 2d 294, 306-07 (2005) (legal malpractice is a pecuniary injury to an intangible property interest caused by the lawyer's negligent act or omission that proximately caused damage to the client). We further point out that plaintiff requested leave to amend her complaint, which the trial court granted, but she did not file an amended complaint. By failing to amend, plaintiff stood on her breach-of-contract complaint as it was stated. See *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 497 (1994).

¶ 15    Nevertheless, we turn to plaintiff's reliance on *Weisman* in support of her argument that defendants' claims for fees and her claim for "malpractice" are separate causes of action and therefore cannot be tried in the same proceeding. In *Weisman*, the plaintiff appealed the dismissal of her legal-malpractice complaint against the attorney who had represented her in her divorce action. She contended that the trial court erred in finding that her claim was barred by *res judicata*. The First District Appellate Court held that *res judicata* did not apply, because the section 508 proceeding in the divorce action did not provide an adequate forum to litigate the plaintiff's legal-malpractice claim. *Weisman*, 314 Ill. App. 3d at 580. It found that, although the

"plaintiff was able to assert affirmative defenses to the request for fees, she had no right or opportunity to litigate her claim for damages resulting from defendant's professional negligence." *Id.* at 579. The *Weisman* court further found that, "even if plaintiff could have litigated her professional negligence action in the section 508 proceeding, she would have been deprived of her right to have the claim decided by a jury." *Id.* at 580. The court stated that "[t]he claim asserted in plaintiff's legal malpractice action existed at common law and, therefore, entitled her to a trial by jury." *Id.*

¶ 16    Interestingly, in *Kasny v. Coonen & Roth, Ltd.*, 395 Ill. App. 3d 870, 874 (2009), we noted that Illinois cases are split on the issue of whether an attorney's claim for fees and a client's claim for malpractice are a single cause of action. We concluded that, in this district, "the law is settled that these claims indeed are the same cause of action, such that ordinarily a counterclaim is mandatory." *Id.* at 874 (citing *Corcoran-Hakala v. Dowd*, 362 Ill. App. 3d 523, 530-31 (2005)).

¶ 17    Of course these cases, and others cited by the parties—such as *Wilson v. M.G. Gulo & Associates, Inc.*, 294 Ill. App. 3d 897 (1998), and *Bennett v. Gordon*, 282 Ill. App. 3d 378 (1996)—concern the application of *res judicata*. Plaintiff's complaint was not dismissed pursuant to this doctrine. "The doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action." (Internal quotation marks omitted.) *Hudson v. City of Chicago*, 228 Ill. 2d 462, 467 (2008). No final judgment on the merits has been rendered on the fee petitions. Moreover, unlike a dismissal pursuant to section 619(a)(3), which is reviewed under the abuse-of-discretion standard, a dismissal under *res judicata* is reviewed under the *de novo* standard. See, *e.g.*, *Lutkauskas v. Ricker*, 2015 IL 117090, ¶ 43. Here, plaintiff challenged only the propriety of the fees defendants sought, and the trial court did

not abuse its discretion in dismissing her complaint because the issues were identical to those in the fee petitions.

¶ 18    Plaintiff additionally argues that her request for the disgorgement of fees that she previously paid distinguishes her breach-of-contract complaint from the fee petitions because that remedy is not available in fee-petition proceedings.  Plaintiff cites no authority for this proposition and thus forfeits her argument by failing to comply with the requirements of Illinois Supreme Court Rule 341(h)(7) (eff. May 25, 2018) (requiring briefs to provide analysis with citations to authority).  Regardless of forfeiture, as Felice points out, a trial court in a divorce case has broad authority to order disgorgement if it determines that an attorney took payment from a client that was not earned.  See *In re Marriage of Earlywine*, 2013 IL 114779, ¶ 29 (holding that advance payment retainers in dissolution cases are subject to disgorgement); *In re Marriage of Goesel*, 2017 IL 122046, ¶ 35 (noting that there was no dispute that the fees were earned, reasonable, and necessary and holding that "fees that have been earned by an attorney are not subject to disgorgement"); see also 750 ILCS 5/508(c)(3) (West 2016) (requiring the trial court to examine the aggregate fees charged, not just those sought in the fee petition).  Felice further notes that plaintiff has tacitly acknowledged that she can obtain disgorgement in the fee-petition litigation, because she included her breach-of-contract complaint as an "affirmative matter" in response to the fee petitions.

¶ 19    Finally, plaintiff argues that, as there are no juries in divorce actions, she "is being deprived her right to a jury trial as to the legal malpractice action filed against [defendants]."  As we noted, plaintiff's complaint is for breach of contract, alleging only that defendants' fees were inappropriate.  Plaintiff does not provide any case law indicating that she would be entitled to a jury trial on her claim of "overbilling."  Moreover, in enacting section 508, the legislature specifically intended that the trial court, not a jury, should be vested with the discretion to

determine the reasonableness and necessity of attorney fees and costs in a dissolution action. See 750 ILCS 5/508(c)(3) (West 2016). This makes sense, as the trial court that has presided over the divorce case is in the best position to determine whether the attorney fees in question were reasonable and necessary. Section 508 provides plaintiff with the opportunity to fully litigate her claim. As this is a straightforward attorney-fee issue, not a malpractice action, there is simply no right to a jury trial.

¶ 20                                III. CONCLUSION

¶ 21    For the preceding reasons, we affirm the decision of the circuit court of Du Page County dismissing plaintiff's complaint with prejudice.

¶ 22    Affirmed.