2021 IL App (2d) 210012-U
No. 2-21-0012
Order filed October 25, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| *In re* MARRIAGE OF NICHOLAS P. FITZ, | ) ) ) | Appeal from the Circuit Court Kane County. |
|     Petitioner and Third-Party Respondent-Appellant, | ) ) ) | |
| and | ) ) | No. 18-D-1501 |
| MARIA M. FITZ, | ) ) | |
|     Respondent | ) ) | Honorable |
| (Weiler & Lengle, P.C., Third-Party Petitioner-Appellee). | ) ) | Rene Cruz, Judge, Presiding. |

JUSTICE BRENNAN delivered the judgment of the court.
Justices Zenoff and Birkett concurred in the judgment.

**ORDER**

¶ 1 *Held*: In divorce litigant's appeal of a fee award to his former law firm, judgment affirmed where (1) challenges to reasonableness of appeal bond and attorney's representation of his firm on the fee petition were forfeited; (2) striking of litigant's Supreme Court Rule 237 notice to appear and produce documents at the fee-petition hearing was not an abuse of discretion; and (3) fee award was not an abuse of discretion.

¶ 2 Nicholas P. Fitz (Nicholas) appeals the trial court's order awarding fees to his former

attorneys, Weiler & Lengle, P.C. (Weiler & Lengle). He contends that the amount of the appeal

bond was unreasonable; Rory T. Weiler (Rory) improperly represented Weiler & Lengle at the fee hearing; the trial court abused its discretion in striking Nicholas's notice, pursuant to Supreme Court Rule 237 (eff. July 1, 2005), for Rory to appear and produce documents at the fee-petition hearing; and the fee award was unreasonable. For the reasons set forth below, we affirm.

¶ 3                                I. BACKGROUND

¶ 4     On December 18, 2018, Nicholas retained Rory and Weiler & Lengle to represent him in dissolution-of-marriage proceedings. On January 22, 2020, Rory, on behalf of Weiler & Lengle, moved for leave to withdraw as counsel and filed a verified petition for attorney fees in the amount of $24,144.45 pursuant to section 508 of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/508 (West 2020)). Attached as exhibits to the petition were the engagement agreement and a redacted copy of the billing statement. The petition stated that "the entries as to time expended and expenses incurred on behalf of [Nicholas] were made coincidental in time with the rendering of such services and/or the incurring of such expenses" and that "your movant has reviewed the time and expenses set forth on [the attached billing statement] and verily believes that all of the time expended and expenses incurred on behalf of [Nicholas] were reasonable, necessary and appropriate."

¶ 5     Nicholas did not file a response to the petition. On January 28, 2020, Weiler & Lengle was granted leave to withdraw as counsel, and the fee petition was continued twice with the hearing date ultimately scheduled for December 29, 2020. Meanwhile, Nicholas subsequently retained new counsel, and the underlying dissolution judgment was entered on June 22, 2020.

¶ 6     On December 22, 2020, Nicholas's counsel served notice, pursuant to Rule 237, for Rory to appear and produce documents at the December 29, 2020, fee-petition hearing. The documents requested in the notice were: (1) "[a]ll phone records showing the numbers called/calls received,

including duration for all entries titled 'Telephone,' " (2) "[a]ll emails for all entries titled 'Email,' " and (3) "[b]illing statements sent to [Nicholas] depicting the work performed."

¶ 7    The hearing on the fee petition was held on December 29, 2020. Nicholas did not appear but was represented by counsel. Rory appeared on behalf of Weiler & Lengle. There is no transcript of the hearing, but a bystander report was filed.

¶ 8    Prior to commencement of the hearing, the trial court inquired as to whether both sides were ready. Counsel for Nicholas responded that he was not ready because he had not received a response to the Rule 237 notice. At that point, Rory orally moved to strike the notice as an improper attempt to obtain documents that were never sought in a discovery request. In response to the trial court's inquiry, Nicholas's counsel conceded that Nicholas never made a formal request for discovery. However, he argued that the documents requested in the Rule 237 notice were necessary to prepare for the hearing given the fee petition's lack of specificity. Rory replied that, as for the billing statements, counsel could have obtained them directly from Nicholas, as unredacted statements were twice tendered to him. Following argument on the issue, the trial court struck the Rule 237 notice.

¶ 9    The hearing on the fee petition proceeded; Rory was the sole witness. Rory testified regarding his credentials, his experience, and the fees incurred in this case. He stated that his fees were within the norms and parameters of what is customary in Kane County for family law matters. Rory also testified about the complexity of the case and the involvement of other attorneys at his firm. The case involved parental allocation, the litigation of several complex motions, numerous temporary hearings and proceedings, the deposition of Nicholas, and a companion petition for an order of protection. Rory further testified that the difficulty of the case was increased by the fact that Nicholas is an attorney.

¶ 10    Moreover, Rory testified that the fee petition "conformed to all of the applicable requirements and that all time expended and costs incurred were logged into the Firm's electronic billing system contemporaneously with the rendering of services of incurring of costs." He explained that Nicholas was "invoiced monthly with invoices detailing specific services rendered and cost[s] incurred." Rory also explained that information was redacted in the billing statements attached to the fee petition to protect Nicholas's attorney-client privilege, as the underlying divorce litigation remained pending when the petition was filed. Rory testified that unredacted monthly invoices were sent to Nicholas "commencing on/about January 31, 2019 and monthly thereafter, so that [Nicholas] was aware of the costs incurred and the actual services rendered."

¶ 11    Rory concluded by testifying that he had personally reviewed all time expended and costs incurred, and that the fees were fair, reasonable, and necessary. He stated that Nicholas paid the initial retainer and made seven subsequent payments without objection. Rory further stated that, "on at least two occasions at [Nicholas's] request detailed summaries of all billing statement[s] were sent to [Nicholas] and not once has [Nicholas] complained about the fees or costs charged."

¶ 12    On cross-examination, Nicholas's counsel questioned Rory about certain entries in the redacted billing statements. Rory testified that he was unable to answer questions about the particular content of an email or reason for a phone call. Moreover, in response to questioning about entries for "reviewing and preparing" and counsel's suggestion of excessive amounts of time spent on this task, Rory stated that, "based on the redaction of the entries it would be difficult to say who was reviewing or preparing and what exactly was being reviewed and prepared." Nicholas's counsel inquired about the possibility that Nicholas was billed twice for the same work done given the number of entries for "reviewing and preparing." Rory responded that double-billing was not done in this case. Nicholas's counsel also inquired as to whether the vagueness of

the billing statements was a common practice at Weiler & Lengle. Rory responded that "the attachment to the petition contained only information as to the date and time expended, and the general work provided[,] as the specific information included on his monthly billings to [Nicholas] was redacted to protect [Nicholas's] right to the attorney-client privilege, as the divorce case remained pending following [his] withdrawal as counsel." Rory added that "on two occasions, [Nicholas] was sent detailed statements summarizing all costs incurred and services rendered in addition to the monthly invoices he received."

¶ 13    Following the hearing, the trial court granted the petition and entered judgment for Weiler & Lengle and against Nicholas in the amount of $24,144.45. The trial court found that it "recalled the litigation, and it was complex, involving frequent court appearances and was a 'high conflict' divorce." The trial court also found that the fee petition was proper and in conformity with the statute, the time entries were reasonable, the fees were within the established norms, and none of the entries were excessive. The trial court further noted that Nicholas did not object to the detailed billing statements that were sent to him.

¶ 14    In a December 30, 2020, written order, the trial court found that the fee petition was filed in conformity with section 508 of the Act (750 ILCS 5/508 (West 2020)); that Rory's testimony in support of the fee petition was "clear, credible and uncontroverted"; that Nicholas "did not appear in court or testify and offered no evidence other than his counsel's cross examination of [Rory]"; and that Weiler & Lengle met its burden of proof and is entitled to judgment against Nicholas in the amount sought. Accordingly, the trial court entered judgment for Weiler & Lengle and against Nicholas in the amount of $24,144.45. In its written order, the trial court also found that, prior to service of the Rule 237 notice seeking production of documents, Nicholas never made

a formal discovery request. Noting the objection to the notice, the trial court ordered that the Rule 237 notice was "stricken in its entirety." Nicholas timely filed a notice of appeal.

¶ 15    Subsequently, on January 22, 2021, Nicholas moved to stay the judgment pending appeal pursuant to Supreme Court Rule 305(a) (eff. July 1, 2017) and to set a reasonable appeal bond. Initially, on February 4, 2021, the trial court entered an order staying the judgment pending appeal and setting bond at $2500. However, on February 11, 2021, the trial court entered an order, providing: "Motion to Stay Judgment will be granted upon [Nicholas] posting a $35,000.00 appellate bond which is broken down as $24,144.45 judgment plus applicable costs necessary to cover the appeal."

¶ 16    Before commencing our analysis, we note that, in his opening brief, Nicholas included an argument that the amount of the appeal bond lacked any supporting basis and caused him undue hardship. However, Nicholas fails to articulate any basis for our jurisdiction to review the February 11, 2021, order. Supreme Court Rule 303(b)(2) (eff. July 1, 2017) states that a notice of appeal "shall specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing court." Thus, a notice of appeal confers jurisdiction on a reviewing court to consider only the judgments specified in the notice of appeal. *Diocese of Quincy v. Episcopal Church*, 2014 IL App (4th) 130901, ¶ 35. Nicholas never filed a notice of appeal from the February 11, 2021, order nor amended his previously filed notice of appeal. Moreover, Supreme Court Rule 305(d) directs a litigant seeking to challenge the condition of a stay to file a motion in the reviewing court if the trial court "failed to afford the relief" requested. Ill. S. Ct. R. 305(d) (eff. July 1, 2017); *Pekin Insurance Co. v. Benson*, 306 Ill. App. 3d 367, 380 (1999); see also Ill. S. Ct. R. 305(h) (eff. July 1, 2017) ("After the case is docketed in the reviewing court, that court or a judge thereof upon motion may, consistent with the provisions of paragraph (a) above [addressing approval of the

amount of the bond or other form of security necessary to stay enforcement of a money judgment],

change the amount, terms or security of the bond or other form of security ****.").

¶ 17    Nicholas never moved in this court to reduce the amount of the bond. Accordingly, Nicholas forfeited his challenge to the amount of the appeal bond by failing to avail himself of the procedural mechanism set forth in Rule 305. See *Pekin Insurance Co.*, 306 Ill. App. 3d at 379 ("Assuming *arguendo* that this court has jurisdiction to review the interest condition of the stay order, plaintiff has waived any objection to the condition or terms of the stay by simultaneously accepting the benefit of the stay and failing to present a motion in this court to alter or modify the stay."); *Tadros v. Kuzmak*, 277 Ill. App. 3d 301, 305 (1995) ("In the event that the defendants were under a belief that the trial court set an excessive bond under the circumstances of this case, they were at liberty to make application to this court for a stay of the judgment under the provisions of [Rule 305(b)(2)]. Having failed to avail themselves of this procedural mechanism, they have waived the issue for review."). For these reasons, we disregard Nicholas' challenge to the amount of the appeal bond and turn to Nicholas's remaining arguments.

¶ 18                                II. ANALYSIS

¶ 19    Initially, Nicholas contends that it was improper for Rory to represent Weiler & Lengle (a professional corporation) with respect to the fee petition, because a corporation is not allowed to appear *pro se*. See *Askew Insurance Group, LLC v. AZM Group, Inc.*, 2020 IL App (1st) 190179, ¶ 24 (a corporation must be represented by counsel in legal proceedings and cannot grant an agent the right to represent the corporation through a *pro se* appearance). Weiler & Lengle responds that Rory is a registered attorney, not a *pro se* litigant, and that an attorney may represent its firm in an action to collect fees, citing *Pedersen & Houpt, P.C. v. Summit Real Estate Group*, LLC, 376 Ill. App. 3d 681, 686-88 (2007).

¶ 20    Moreover, the record reflects that Nicholas did not raise this issue in the trial court. He did not file a response to the fee petition, and the bystander report makes no mention of any objection to Rory's representation of his law firm. The failure to raise an issue in the trial court generally results in forfeiture of that issue on appeal. *People v. Enoch*, 122 Ill. 2d 176, 186 (1988); *Huang v. Brenson*, 2014 IL App (1st) 123231, ¶ 22. Accordingly, given Nicholas's forfeiture of the issue, we decline to address the issue on appeal.

¶ 21    Next, Nicholas argues that the trial court erred in striking the Rule 237 notice for Rory to appear at the fee-petition hearing and produce the requested documents. We review the trial court's decision for an abuse of discretion. *Campen v. Executive House Hotel, Inc.*, 105 Ill. App. 3d 576, 591-92 (1982). A trial court abuses its discretion when its decision is arbitrary, fanciful, or unreasonable or where no reasonable person would take the view adopted by the trial court. *Seymour v. Collins*, 2015 IL 118432, ¶ 41.

¶ 22    Rule 237(b) provided in relevant part:

> "The appearance at the trial or other evidentiary hearing of a party or a person who at the time of trial or other evidentiary hearing is an officer, director, or employee of a party may be required by serving the party with a notice designating the person who is required to appear. The notice also may require the production at the trial or other evidentiary hearing of the originals of those documents or tangible things *previously produced during discovery*." (Emphasis added.) Ill. S. Ct. R. 237(b) (eff. July 1, 2005).

¶ 23    Nicholas served the notice on December 22, 2020—seven days before the scheduled fee-petition hearing. The documents requested in the notice included the billing statements sent to Nicholas. However, the record demonstrates that Nicholas's counsel conceded that no formal discovery request for the documents had been made. Rule 237 was not intended to remedy the

failure to timely request discovery. See *Cohn v. Northern Trust Co.*, 250 Ill. App. 3d 222, 227-28 (1993) ("Rule 237 notices are not discovery tools and should not be used as a substitute for the discovery rules."). Indeed, the Committee Comments to Rule 237 reflect that this is the precise situation prohibited by the rule:

"Paragraph (b) has been revised to clarify the fact that Rule 237(b) is not a discovery option to be used on the eve of trial in lieu of a timely request for the production of documents, objects and tangible things pursuant to Rule 214. Discovery of relevant documents, objects and tangible things should be diligently pursued before trial pursuant to Rule 214. Under the new paragraph, a Rule 237(b) request to produce at trial will be expressly limited to those documents, objects and tangible things produced during discovery. This revision will effect a change in current practice, under which a Rule 237(b) request to produce at trial is often utilized as a major discovery tool by nondiligent litigants, a practice that often causes trial delay. It is the intent of this revision to establish that due diligence for the purposes of a motion to delay the trial cannot be shown by a party who first attempts to discover documents, objects or tangible things by serving a request under Rule 237(b). [Citation]." Ill. S. Ct. R. 237, Committee Comments (rev. June 1, 1995).

¶ 24    We note that Nicholas cited both Rule 237(b) and Rule 237(c) in the notice for Rory to appear and produce documents at the fee-petition hearing and refers to the provisions interchangeably in this court. Rule 237, titled "Compelling Appearances of Witnesses at Trial," distinguishes between notices to parties at trial or other evidentiary hearings (Rule 237(b)) and notices to parties at expedited hearings in domestic relations cases (Rule 237(c)). In contrast to Rule 237(b), Rule 237(c) does not include the limitation that the documents requested have been previously produced during discovery. See Ill. S. Ct. R. 237(c) (eff. July 1, 2005) ("In a domestic

relations case, the appearance at an expedited hearing of a party who has been served with process or appeared may be required by serving the party with a notice designating the party who is required to appear. The notice may also require the production at the hearing of the original documents or tangible things relevant to the issues to be addressed at the hearing. ***").

¶ 25    However, the relevant proceeding under review in this appeal was a fee-petition hearing, not an expedited hearing in a domestic relations case. Again, the Committee Comments are illustrative: "Because of the important issues decided in expedited hearings in domestic relations cases, including temporary family support, temporary child custody, and temporary retraining orders, a trial court should have the benefit of the attendance of individuals and production of documents and tangible things on an expedited basis." Ill. S. Ct. R. 237, Committee Comments (rev. Feb. 1, 2005). There were no such concerns underlying the fee-petition hearing here. Accordingly, Rule 237(c) does not apply, and we cannot say that the trial court's decision to strike the Rule 237 notice was an abuse of discretion.

¶ 26    Finally, Nicholas contends that the fee award was unreasonable. "An appropriate attorney fee consists of reasonable charges for reasonable services." *In re Marriage of Patel & Sines-Patel*, 2013 IL App (1st) 112571, ¶ 103. To determine whether fees are reasonable, the trial court considers: (1) the number of hours the attorney spent on the case; (2) the skill and standing of the attorneys; (3) the difficulty of the issues; (4) the amount and importance of the subject matter; (5) the degree of responsibility involved in managing the case; (6) the usual and customary charge in the community; and (7) the benefits to the client. *Id.* "The fees allowed should compensate for the services rendered and be fair to both the attorney seeking them and the party required to pay them." *Id.* The determination of reasonable attorney fees is within the trial court's sound discretion. 750 ILCS 5/508(c)(3) (West 2020). Thus, the trial court's order regarding attorney fees in a

postdissolution proceeding will not be disturbed absent an abuse of discretion. *In re Marriage of Devick*, 335 Ill. App. 3d 734, 742 (2002).

¶ 27    Nicholas's central argument is that the billing statements were vague and lacked the requisite specificity to establish the reasonableness of the work performed, hours billed, and fees charged. He likens this case to *Aliano v. Sears, Roebuck & Co.*, 2015 IL App (1st) 143367, ¶¶ 31-34, in which the appellate court held that an attorney billing statement offered in support of a fee petition was inadmissible under the business records exception to the hearsay rule, where the billing statement was the product of human input taken from information contained in original time sheets that had since been discarded and never produced.

¶ 28    Here, however, there was no challenge to the admissibility of the billing statement and no claim that the underlying records were unavailable. To the contrary, Rory provided uncontested testimony that unredacted copies of the invoices and billing records were sent to Nicholas on two occasions and that the billing statement attached to the fee petition was redacted to protect the attorney-client privilege. However, Nicholas did not introduce the documents at the hearing. Indeed, Nicholas never responded to the fee petition, did not testify at the hearing, and presented no evidence at the hearing, beyond his cross-examination of Rory, to controvert Rory's testimony that the fees incurred were reasonable. Under these circumstances and based upon our review of the record, we cannot say that the fee award was arbitrary, fanciful, or unreasonable or that no reasonable person would agree with the determination.

¶ 29    Nicholas nevertheless argues generally that "it is evident from the history of the docket and divorce proceeding that the divorce proceeding was neither complex, complicated, or intricate ***." He also argues that, while Rory testified that the case was of great complexity, the case was ultimately resolved as an uncontested divorce and thus cannot be deemed complex. However, the

trial court explicitly found that it "recalled the litigation, and it was complex, involving frequent court appearances and was a 'high conflict' divorce." Nicholas identifies no evidence to contradict this finding. The trial court was in the best position to determine the reasonableness of the fees, particularly given that it presided over the underlying dissolution proceeding. See *Schmidt v. Gaynor*, 2019 IL App (2d) 180426, ¶ 19.

¶ 30 In sum, the trial court found that the fee petition was proper and in conformity with the statute, the time entries were reasonable, the fees were within the established norms, and none of the entries were excessive. The trial court further found that Rory's testimony in support of the fee petition was "clear, credible and uncontroverted." Nicholas presents no persuasive basis upon which to conclude that the fee award was an abuse of discretion.

¶ 31        III. CONCLUSION

¶ 32 For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 33 Affirmed.