NOTICE

Decision filed 05/08/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220535-U

NO. 5-22-0535

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| JEFFERY T. HENSON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Vermilion County. |
| | ) | |
| v. | ) | No. 22-SC-336 |
| | ) | |
| THE CITY OF DANVILLE POLICE DEPARTMENT, | ) | Honorable |
| | ) | Mark S. Goodwin, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Presiding Justice Boie and Justice Welch concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The defendant was permitted to file a motion to dismiss pursuant to section 2-619(a)(3) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(3) (West 2020)) without prior leave of the court in this small claims action because such motions are expressly permitted to be filed without prior leave of the court. The plaintiff was not permitted to file motions for summary judgment and sanctions without prior leave of the court because such motions are not permitted without prior leave of the court. The trial court did not abuse its discretion in dismissing the plaintiff's complaint on the grounds that there was another action pending involving the same parties and the same cause.

¶ 2    The plaintiff, Jeffery T. Henson, filed a *pro se* small claims complaint, alleging that the defendant, the City of Danville Police Department, illegally seized and retained his property after he was arrested on charges of identity theft. The Vermilion County State's Attorney charged the plaintiff in the matter, but subsequently dropped the charges and allowed the United States Attorney to prosecute him in federal court instead. The defendant filed a motion to dismiss the

1

plaintiff's complaint because the question of the plaintiff's rights to the seized property was pending in federal court proceedings involving the same parties. See 735 ILCS 5/2-619(a)(3) (West 2020). The plaintiff filed a motion for summary judgment and a motion for sanctions against the defendant's attorneys. The trial court granted the defendant's motion to dismiss and did not rule on the plaintiff's motions.

¶ 3    The plaintiff appeals, arguing that (1) the court erred in allowing the defendant to file a motion to dismiss without prior leave of the court, (2) the court erred and violated the plaintiff's rights under the due process clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 2) by failing to rule on his two motions, and (3) the court erroneously determined that federal court proceeding involved the same parties and the same cause. Before this court, the defendant filed a motion asking us to take judicial notice of the proceedings in federal court, which we granted. In response, the plaintiff filed a motion objecting to the defendant's request and a motion asking us to strike the defendant's brief. These two motions remain pending. We deny the plaintiff's pending motions, and we affirm the trial court's judgment.

¶ 4                                I. BACKGROUND

¶ 5    In November 2019, the plaintiff was arrested in Indiana on charges of aggravated identity theft. Two Danville detectives seized $17,390 in cash and various items of personal property in connection with the arrest. The Vermilion County State's Attorney filed criminal charges in the matter; however, in August 2020, the state charges were dropped, and the United States Attorney for the Central District of Illinois filed a five-count indictment based on the same conduct. In October 2021, the plaintiff pled guilty in federal court to one count each of wire fraud, aggravated identity theft, and money laundering. The other two counts were dropped. In February 2022, he was sentenced to 87 months in prison and ordered to pay $436,496 in restitution to two of his

2

victims. In May 2022, the United States Attorney began supplementary postjudgment proceedings to enforce the order to pay restitution. At issue was the $17,390 in cash seized and retained by the Danville Police Department, the defendant in this case.

¶ 6		On June 2, 2022, the plaintiff filed the *pro se* small claims complaint at issue in this appeal. He alleged that he was arrested in Indiana at the direction of the Vermilion County State's Attorney and that two detectives conducted a search and confiscated his property. He argued that the search and seizure were illegal because detectives conducted a search prior to obtaining a search warrant. He further argued that the continued seizure of his property was illegal because the Vermilion County State's Attorney did not initiate civil forfeiture proceedings. The plaintiff alleged that the Danville Police Department was "attempting to now give away my property to a creditor for a federal tax lien." He noted that although the property at issue "surpasse[d] $10,000," he was requesting only "the maximum amount for small claims limits." Attached to the petition was a copy of the third-party respondent's response to citation to discover assets filed by the Danville Police Department in case No. 20-20049-001, then pending in the United States District Court for the District of Central Illinois. The document listed property in the control of the Danville Police Department as $17,390 in United States currency along with various items of personal property of unknown value, including a book bag, DVDs, and a cell phone.

¶ 7		On July 5, 2022, the defendant filed a motion to dismiss the plaintiff's complaint pursuant to section 2-619(a)(3) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(3) (West 2020)). The defendant argued, primarily, that dismissal was appropriate because the question of whether the plaintiff's property was subject to seizure was being litigated in a federal court proceeding in the case of *United States v. Henson*. The defendant alleged that the matter was set for a hearing on that question on July 14, 2022. The defendant further argued that the complaint should be dismissed

on the alternative basis that the amount in controversy exceeded the $10,000 limit for small claims. See Ill. S. Ct. R. 281 (eff. Jan. 1, 2022). Several exhibits were attached to the motion, including a copy of the entire docket sheet from the federal criminal proceedings; a copy of the federal criminal judgment entered against the plaintiff dated February 10, 2022; a copy of a May 13, 2022, citation to discover assets to third-party respondent, naming the City of Danville Police Department as a third-party respondent; and a copy of the Danville Police Department's answer to the citation to discover assets, filed on May 16, 2022.

¶ 8    On July 8, 2022, the plaintiff filed a pleading in this action titled "Motion to Advance Proceedings" and a motion for summary judgment. In the latter, he asserted that the defendant "would be hard pressed" to deny that the plaintiff was entitled to the return of his property.

¶ 9    On July 14, 2022, the plaintiff filed a response to the defendant's motion to dismiss. He acknowledged that he was involved in the pending federal proceedings, but he argued that there were no pending proceedings between the same parties because the federal government is not the same party as the Danville Police Department. He further argued that a small claims proceeding was appropriate because he was seeking to recover only $10,000, the limit for small claims.

¶ 10    The following day, the plaintiff filed a motion for sanctions against the defendant's attorneys. He alleged that they sought to move his criminal case to federal court to avoid returning the seized property to him even though they knew it had not been used in a crime and that the search was illegal.

¶ 11    On August 10, 2022, the court held a hearing in the matter. That same day, the court granted the defendant's motion to dismiss in a docket entry. The court did not specify the basis for the dismissal, and the court did not rule on or address either of the motions filed by the plaintiff. On August 15, 2022, the plaintiff filed this timely appeal.

4

¶ 12                                   II. ANALYSIS

¶ 13    Before addressing the plaintiff's contentions, we must address the two pending motions filed in this court by the plaintiff. On February 22, 2023, he filed a pleading titled "Objection to the Acceptance of Appellee's Judicial Notice," in which he asked this court to deny the defendant's request to take judicial notice of the federal court proceedings and to strike that motion from the record. On February 24, 2023, he filed a motion to strike the defendant's brief. The substance of the motions is identical. The plaintiff argues in both motions that the defendant violated a litany of supreme court rules by referring to and relying upon material that is not part of the record on appeal, but which is subject to judicial notice.

¶ 14    Most of the rules the plaintiff cites are wholly inapposite. Nevertheless, he is correct in arguing that generally, parties may not rely on matters outside the record to support their arguments on appeal. He is also correct that the appellate court has the authority to strike a party's brief for failure to abide by this rule. *Keener v. City of Herrin*, 235 Ill. 2d 338, 346 (2009). However, an appellate court may take judicial notice of appropriate matters if doing so will aid us in efficiently resolving the case. *Koshinski v. Trame*, 2017 IL App (5th) 150398, ¶ 10. It is proper for us to take judicial notice of public documents included in the records of other courts. *Todd v. Chaviano*, 2019 IL App (5th) 170081, ¶ 30; *Turner-El v. West*, 349 Ill. App. 3d 475, 481 (2004). As such, the defendant may properly ask us to take judicial notice of the federal court proceedings involving the seized property and may properly refer to that material in support of its arguments. For these reasons, we deny both the plaintiff's objection to the defendant's motion for judicial notice and his motion to strike the defendant's brief.

¶ 15    Turning our attention to the merits of this appeal, the plaintiff argues that (1) the court erred by considering the defendant's motion to dismiss because it was filed without prior leave of the

5

court, (2) the court erroneously failed to rule on his motions for summary judgment and for sanctions, and (3) the court incorrectly determined that the federal court proceedings involved the same parties and the same cause. We reject each of these contentions.

¶ 16     The plaintiff's first two contentions are both controlled by Illinois Supreme Court Rule 287(b) (eff. Aug. 1, 1992), one of the rules governing small claims proceedings. Like the other rules governing small claims actions, this provision is intended to create a simplified, expeditious, and inexpensive procedure for resolving small claims. See *Harmon Insurance Agency, Inc. v. Thorson*, 226 Ill. App. 3d 1050, 1052 (1992); Ill. S. Ct. R. 287(b), Committee Comments. As the plaintiff correctly points out, Rule 287(b) provides that, with two exceptions, no motions may be filed in a small claims proceeding without prior leave of the court. The two exceptions are motions pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2020)) and motions pursuant to section 2-1001 (*id.* § 2-1001). Ill. S. Ct. R. 287(b) (eff. Aug. 1, 1992).

¶ 17     The defendant's motion to dismiss was filed pursuant to section 2-619. Thus, it fell squarely within one of the two exceptions. Contrary to the plaintiff's argument, Rule 287(b) did not require the defendant to obtain leave of the court before filing the motion. We therefore reject the plaintiff's contention that the court erred in ruling on the motion to dismiss.

¶ 18     The plaintiff's motions for summary judgment and for sanctions, by contrast, do not fall within either of Rule 287(b)'s exceptions. As such, the plaintiff was not permitted to file them without prior leave from the court. He nevertheless argues that the court violated his rights under the due process clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 2) by declining to rule on the motions. The plaintiff does not explain why this is so, however, and we reject his contention. We find no error in the court's decision not to rule on motions filed without even requesting leave.

6

¶ 19    Finally, the plaintiff argues that the court erroneously determined that the same matter was pending between the same parties in another proceeding. We disagree.

¶ 20    Section 2-619(a)(3) is a procedural device intended to avoid duplicative litigation. *Schmidt v. Gaynor*, 2019 IL App (2d) 180426, ¶ 9. It allows the trial court to dismiss an action on "the grounds that there is 'another action pending between the same parties for the same cause.' " *Id.* (quoting 735 ILCS 5/2-619(a)(3) (West 2016)). This provision is to be construed liberally. *Id.* However, the moving party must demonstrate by clear and convincing evidence that the other pending action involves the same parties and the same cause. *Kristen B. v. Department of Children & Family Services*, 2022 IL App (1st) 200754, ¶ 43.

¶ 21    Although we generally review a trial court's ruling on a motion to dismiss *de novo*, we review a court's ruling on a section 2-619(a)(3) motion for an abuse of discretion. *Id.* ¶ 44. This is because "a 2-619(a)(3) dismissal is inherently procedural," and a motion pursuant to that provision requires the court to weigh various factors. *Id.* We will find that the trial court abused its discretion only if its decision was fanciful, arbitrary, or unreasonable, or if no reasonable person could take the same position as the court. *Id.*

¶ 22    Here, the plaintiff argues both that the federal court proceedings are not between the same parties as the Illinois small claim proceedings and that the two actions do not involve the same cause. Concerning the question of the parties to the proceedings, he correctly notes that the United States government is not the same entity as the Danville Police Department. However, the Danville Police Department is a third-party respondent in the federal court proceedings. As such, it, too, is a party in the federal court proceedings, and there is no dispute that it is a party in this action. The plaintiff acknowledges that he is a party to both proceedings.

7

¶ 23　The plaintiff argues that the actions do not involve the same cause because the legality of the search in which the Danville detective seized his property is not at issue in the federal proceedings. We are not persuaded.

¶ 24　In determining whether two actions involve the same cause for purposes of a section 2-619(a)(3) motion, the issue is not whether they involve the same legal theory, identical issues, the same burden of proof, or even the same relief. Rather, the key question is whether the two actions arise from the same transaction or occurrence. *Id.* ¶ 47; *Schmidt*, 2019 IL App (2d) 180426, ¶ 9. Put differently, "[a]ctions involve the same cause when the requested relief is based on substantially the same set of facts." *Kristen B.*, 2022 IL App (1st) 200754, ¶ 47. The question is not whether the purpose of the two actions is identical; the question is simply whether the issues involved are substantially similar. *Id.*; *Schmidt*, 2019 IL App (2d) 180426, ¶ 9.

¶ 25　Here, both actions involve the same transaction or occurrence—the criminal conduct that gave rise to the charges to which the plaintiff pled guilty. Also, while the legal theories advanced in each case are different, the ultimate question in both actions is whether the plaintiff is entitled to the return of the cash seized in connection with his arrest on the charges. If the two actions proceed separately, there is a risk of inconsistent judgments on that question. Thus, the two actions involved precisely "the type of duplicative litigation that section 2-619(a)(3) was intended to avoid." See *Schmidt*, 2019 IL App (2d) 180426, ¶ 12 (reaching this same conclusion after noting the "risk of judicial inconsistency"). We find no abuse of the trial court's discretion.

¶ 26　Finally, as an alternative basis for upholding the trial court's ruling, the defendant argues that the plaintiff's complaint was properly dismissed because the amount in controversy exceeds the $10,000 limit applicable to small claims. See Ill. S. Ct. R. 281 (eff. Jan. 1, 2022). The plaintiff argues in his reply brief, as he did before the trial court, that because he requested only $10,000,

this action fits within the small claim definition. There is some authority to support the plaintiff's position. See *Benson v. Abbott*, 326 Ill. App. 3d 599, 601 (2001) (reducing an award of damages to the small claims limit then in effect). Nevertheless, because we have concluded that the court properly exercised its discretion in dismissing the complaint pursuant to section 2-619(a)(3), we need not resolve these arguments.

¶ 27                                  III. CONCLUSION

¶ 28    For the foregoing reasons, we affirm the trial court's judgment.


¶ 29    Affirmed.