2023 IL App (1st) 230899-U

SIXTH DIVISION
December 8, 2023

No. 1-23-0899

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| JOANNE SANNER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County, |
| | ) | Municipal Department |
| v. | ) | |
| | ) | No. 2020 M1 108803 |
| THE WARRANTY GROUP, INC., | ) | |
| and | ) | |
| CONSUMER PROGRAM ADMINISTRATIONS, INC., | ) | The Honorable |
| | ) | Gerardo Tristan, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE TAILOR delivered the judgment of the court.
Presiding Justice Oden Johnson and Justice C.A. Walker concurred in the judgment.

**ORDER**

¶ 1    Held: The trial court properly granted judgment on the pleadings to Defendants on Plaintiff's small claims complaint for breach of an extended service agreement.

¶ 2                                          I. BACKGROUND

¶ 3    On November 27, 2012, Plaintiff Joanne Sanner (Sanner) purchased a used 2009 Jaguar vehicle from CarMax of Tinley Park. That same day, Sanner purchased a "MaxCare Extended Service Plan" (service plan) from The Warranty Group, Inc., and Consumer Program

Administrations, Inc. (Defendants). The service plan covered the cost of certain repairs, replacement parts and other expenses related to the car Sanner purchased from CarMax. The service plan was insured and administered by Defendants and indicated that "CarMax is not a party to MaxCare extended service plans."

¶ 4     Under the terms of the service plan, Defendants agreed to pay a "repair facility" the cost to remedy any "covered breakdown[,]" excluding a small deductible. Under the service plan, a "repair facility" is defined as any franchised automobile dealer, a CarMax dealer, or any licensed repair facility that guarantees its work and parts for 6 months and 6000 miles. Nothing in the service plan indicates that Defendants could or would themselves perform repairs or be responsible for the actual repair of Sanner's vehicle. While Sanner's service plan was in effect, Defendants paid more than $25,000.00 for covered repairs of Sanner's vehicle.

¶ 5     On April 22, 2020, Sanner filed a two-count "small claims" complaint against Defendants, seeking damages for an alleged breach of contract, and for breach of the terms of the service plan under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d) (eff. Jan. 4, 1975) (Act), because Defendants failed to repair her car "within a reasonable time or reasonable number of attempts."

¶ 6     On November 1, 2022, Defendants moved for judgment on the pleadings under Section 2-615 of the Civil Practice Law. 735 ILCS 5/2-615(e) (West 2022). They argued that the complaint should be dismissed "because [Sanner's] allegations seek recovery that is unavailable under the [Act] *** because [Defendants] did not manufacture, distribute, perform repairs or promise to perform repairs on [Sanner's] vehicle." They stated that "[b]ecause [Sanner's] only theories of

liability are not viable avenues of recovery under [the Act], this Court has no choice but to dismiss the case with prejudice."

¶ 7    On March 23, 2023, Sanner moved to amend her complaint to add a single sentence, indicating that her "theory of liability is joint venture between Defendant[s] and the seller of the service contract (CarMax)." The court granted Sanner's motion over Defendants' objection on April 6, 2023.

¶ 8    On April 26, 2023, after hearing argument from the parties, the court granted Defendants' motion for judgment on the pleadings and dismissed Sanner's complaint with prejudice. The court found that both counts of Sanner's complaint alleged that Defendants had a duty to repair Sanner's car but concluded that the service plan was "very clear" and only required Defendants to "pay a repair facility or reimburse the costs of the remedy." Therefore, it found no genuine issue of material fact and found in favor of Defendants. Sanner timely appealed.

¶ 9                                    II. ANALYSIS

¶ 10    This Court "review[s] the grant of judgment on the pleadings *de novo*." *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 227 (2010). A motion for judgment on the pleadings brought under section 2-615(e) of the Civil Practice Law ((735 ILCS 5/2-615(e) (West 2022)) is proper where the pleadings disclose no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Bennett v. Chicago Title and Trust Company,* 404 Ill. App. 3d 1088, 1094 (2010). Like a motion for summary judgment, a motion for judgment on the pleadings is limited to the pleadings. *Pekin Insurance Company v. Wilson*, 237 Ill. 2d 446, 455 (2010). In resolving such a motion, we must take all well-pleaded facts set forth in the pleadings of the nonmoving party and any fair inferences that can be drawn from them as true. *Id.* On appeal, we "must determine whether any issues of material fact exist and, if not, whether the movant was, in

fact, entitled to judgment as a matter of law." *H&M Commercial Driver Leasing, Inc. v. Fox Valley Containers, Inc.,* 209 Ill. 2d 52, 57 (2004).

¶ 11   In her complaint, Sanner alleged that Defendants breached the terms of the service plan under the Act by failing to repair her car "within a reasonable time or reasonable number of attempts." The Act defines a service contract as "a contract in writing to perform, over a fixed period of time or for a specified duration, services relating to the maintenance or repair (or both) of a consumer product." 15 U.S.C. § 2301(8) (eff. Jan. 4, 1975); *Evitts v. DaimlerChrysler Motors Corp.,* 359 Ill. App. 3d 504, 512 (2005). However, claims for the breach of a service contract under the Act are limited to circumstances where a consumer is damaged by a supplier's failure to comply with the terms of that contract. *Id.* at 513.

¶ 12   Under the terms of the service plan at issue here, Defendants' sole obligation was to pay the cost of repairs for covered breakdowns, which would be performed at licensed repair shops during the contractually-covered period, not to perform the repairs themselves. Sanner concedes that the "plain reading of the service [plan] indicates that the sole duty of [Defendants] is to pay for repairs, which [they] admittedly did." Because Defendants did not agree to perform any repairs on Sanner's car under the terms of the service plan and their contractual responsibilities were limited solely to paying others to repair covered breakdowns, which they "admittedly did[,]" Sanner has no viable cause of action against them in contract or under the Act.

¶ 13   Sanner argues that the trial court "erred in treating [her] small claims complaint as a regular, fact-based pleading" and by "failing to make inferences" in her favor. She argues that the "pleading requirements for small claims are at a minimum 'relaxed,' " and that she was not required plead the essential elements of a cause of action. However, even under the relaxed pleading standard for small claims cases, a plaintiff must set forth "the nature and amount of the plaintiff's claim." Ill.

S. Ct. R. 282(a) (West 2022). If a plaintiff's small claims complaint is "based upon a written instrument," the plaintiff must attach the instrument to the complaint unless it is unavailable. *Id.* This instrument "must be considered part of the complaint and, if the allegations of the complaint conflict with the facts disclosed in that instrument, the instrument controls." *CitiMortgage, Inc. v. Parille*, 2016 IL App (2d) 150286, ¶ 24 ("The language of a contract, given its plain and ordinary meaning, is the best indication of the parties' intent.") Here, the plain language of the service plan, which Sanner attached to her small claims complaint, contradicts the allegation in her complaint that Defendants breached a contract or violated the Act by failing to repair her car "within a reasonable time or reasonable number of attempts[,]" because nothing in the service plan requires Defendants to repair Sanner's vehicle. Thus, even if we apply a "relaxed" standard to Sanner's complaint and make all inferences in her favor, her complaint still fails. See *Brunette v. Vulcan Materials Company,* 119 Ill. App. 2d 390, 395-96 (1970) (affirming the trial court's dismissal of plaintiff's complaint for breach of contract because the letters attached to plaintiff's complaint contradicted the plaintiff's allegations and indicated that "[a]ny agreement derived from such correspondence is clearly an agreement only as to possible terms and not an agreement to sell").

¶ 14    Sanner cites *Evitts v. DaimlerChrysler Motors Corp.,* 359 Ill. App. 3d 504 (2005), for support, but *Evitts* supports Defendants' position. In *Evitts*, plaintiffs alleged that defendants breached the terms of an extended service contact when they failed to "adequately repair" the defroster of plaintiffs' vehicle after repeated attempts to do so. *Id.* at 512. The court determined that the service contract "d[id] not affirm the quality or workmanship of the vehicle or warrant against any defects" but merely stated that defendants would "pay the costs to correct failures to various parts of the vehicle[.]" *Id.* at 513. The court reasoned that because defendants "complied

with their obligations [to pay] under the agreement[,]" the circuit court correctly granted defendants' motion to dismiss. *Id.* The same is true here.

¶ 15    Sanner argues that the duty to repair was an "implied term[]" of the service plan and that "the very nature of service contracts presupposes more than just paying." For support, Sanner relies on *Mydlach v. DaimlerChrysler Corp.,* 226 Ill. 2d 307 (2007), but *Mydlach* is inapplicable here, as it involved a warranty, which the parties agree does not exist here, and addressed a statute of limitations issue. Sanner cites no other cases to support her argument, and we find no reason to disregard well-established principles of contract law here. See *Resolution Trust Corp. v. Holtzman,* 248 Ill. App. 3d 105, 111 (1993) ("The rules of contract provide that the parties to a contract are presumed to have intended what their language clearly imports so that a trial court has no discretion to require parties to accept any terms other than those in their contract."); *Foster Enterprises, Inc. v. Germania Federal Savings and Loan Association,* 97 Ill. App. 3d 22, 31 (1981) ("contract terms implied in law cannot supplant express contract terms").

¶ 16    Sanner alternatively argues that "it was an error for the trial court to treat the contractual language as case-determinative[]" because "if there was a joint venture between CarMax and Defendants, this means they had joint duties, including a duty to perform a contract within a commercially reasonable time." However, the only "contract" referenced in Sanner's complaint was the service plan she signed with Defendants, and it is undisputed that CarMax was not a party to the service plan. Moreover, Sanner stated at the hearing on April 26, 2023, that her claims were based solely on Defendants' duties under the service plan and she admitted that it contained no provision requiring Defendants to repair her car. Therefore, Defendants' alleged "joint venture"

with CarMax is entirely irrelevant here, and the trial court's grant of judgment on the pleadings to Defendants was proper.

¶ 17    As a final matter, Sanner argues that Defendants' motion should have been denied because Defendants failed to seek leave of court before they filed it. Illinois Supreme Court Rule 287(b) states that "[e]xcept as provided in sections 2-619 and 2-1001 of the Code of Civil Procedure, no motion shall be filed in small claims cases, without prior leave of court." Ill. S. Ct. R. 287(b) (eff. Aug. 1, 1992). Sanner argues that because Defendants violated this rule, we should reverse "on this ground alone." However, while Defendants did not seek leave of court before filing their motion, the court entered a briefing schedule on Defendants' motion, from which we can reasonably infer that Defendants were granted leave to file it, even if the court didn't say so expressly. Moreover, the basic purpose behind Rule 287 and other rules governing small claims cases is to "allow *pro se* litigants to obtain resolution of disputes in a quick, simple, and informal manner, unbridled by the technicalities and legal niceties which normally [occur] in court proceedings." *Darwin Co. v. Sweeney,* 110 Ill. App. 3d 331, 334 (1982). Many of these concerns, which exist to protect *pro se* litigants pursuing small claims, do not apply here, as Sanner was represented by counsel. To be clear, the trial court here could have rejected Defendants' motion outright based on their failure to follow our supreme court's rules. Cf. *Henson v. City of Danville Police Department,* 2023 IL App (5th) 220535-U, ¶ 18 (finding "no error in the court's decision not to rule on motions filed without even requesting leave" under Supreme Court Rule 287). However, we find that it would waste judicial resources and serve no purpose to remand here based on a procedural technicality, because the trial court already (correctly) concluded that Sanner's complaint did not assert any viable claims. Cf. *People v. Brown*, 2023 IL App (4th) 220573, ¶ 50 (finding that any defects in defendant's motion did not justify remand, reasoning that "it would be

an exercise in futility and a waste of judicial resources to remand for an attorney to replead a claim that has already been adjudicated meritless"); *People v. Ocon*, 2014 IL App (1st) 120912, ¶ 42 ("Any remand when the petition lacks merit would be a waste of judicial resources.")

¶ 18                                    III. CONCLUSION

¶ 19    For the reasons above, the judgment of the circuit court is affirmed.

¶ 20    Affirmed.